### HYDE *vs.* WOLF.

APPEAL FROM THE PARISH COURT OF NEW-ORLEANS.

Where the agent buys in his own name, but for the benefit of the principal, the principal, when discovered, is bound, as well as the agent, unless it appear that the vendor with a knowledge of the circumstances, elected to make the agent his debtor; or, after the sale, the principal was induced to settle with the agent, in consequence of a receipt, or other documents, furnished by the seller.

The facts are stated in the opinion of the court, delivered by PORTER, J.

The original petition in this case charges a sale of goods, wares and merchandise, by the plaintiff, to a commercial firm, styled Henry Conne, jr. & Co., which goods are still in their possession. That the defendant, Wolf, pretends to claim ownership and possession of the goods, though they have never been transferred to him, and his claim is fraudulent and void, and cannot affect the plaintiff's privilege. Judgement is

prayed against Conne & Co., and Conne, one of the partners,
individually.    There is a prayer, also, for Wolf to be made
defendant; for a decree setting aside the conveyance to him,
and that the goods sold be declared subject to the privilege
of the petitioners.

Before an answer was put in, the plaintiff filed a supple-
mental petition, in which he stated that on the — day of
October, 1828, the defendants, Conne & Co., had sold to
Wolf, and for his use and benefit, all the stock in trade and
property belonging to them, and that the goods alleged in the
petition to be sold to the firm, were for the use and benefit of
Wolf, who being, ever since the date of the sale, the true
owner, in whole or in part, is responsible, either as partner
or as the owner of the establishment.

After the suit was commenced, Conne & Co. became in-
solvent, and that part of the action which related to them
was necessarily transferred to the proceedings *in concurso;*
but there remained the issue joined between Wolf and the
petitioner, to be tried in the court where the suit commenced.

The answer consisted of a general denial.    The cause was
tried by a jury, who found a verdict for the defendant.    The
court confirmed it, and the plaintiff appealed.

There are several bills of exceptions; but as the appellant
has confined his argument in this court to one of them, we
presume the others are abandoned.    That relied on, is to the
judge's charge to the jury.    It will assist the understanding of
it to state that, previous to the trial, the plaintiff abandoned
that part of the petition which charged the defendant with
being a partner of Conne & Co.    The sole question, there-
fore, was whether Wolf was owner at the time of the pur-
chase of the goods, and responsible for their price to the
plaintiff.

The judge charged the jury "that he did not consider the
defendant Wolf as bound in consequence of having suffered
Conne & Co. to remain in the store as owners, after the sale
in October, 1828.    By his not taking immediate possession,
he may perhaps be deprived of his purchase, and lose the

EASTERN DIS. goods or their amount, but does not by that reason become
July, 1832.
responsible for their debts; that question, as well as that of
HYDE       the right which the plaintiff obtained by his sequestration,
vs.
WOLF.      can be best settled in the *concurso*."

We are of opinion the judge erred in giving this charge to the jury. If Wolf was the owner of the store at the time the goods were sold to Conne & Co., and the benefit of the purchase enured to him, he is responsible for the price. The rule of law, in our understanding of it, being well settled that

Where the where the agent buys in his own name, but for the benefit of
agent buys in
his own name, his principal, the principal, when discovered, is bound as well
but for the as the agent, unless it appear the vendor, with a knowledge
benefit of the
principal, the of the circumstances, elected to make the agent his debtor;
principal when
discovered is or after the sale the principal was induced to settle with the
bound, as well agent in consequence of a receipt or other documents fur-
as the agent,
unless it ap- nished by the seller.  2 *Kent's Com.* 493.   2 *Bell's Com.* 493·
pear that the
vendor, with a 2 *Green.* 373.   15 *East,* 62.   4 *Taun.* 574.   1 *Camp.* 85, 109.
knowledge of
the circum- 3 *East,* 147.
stances, elect-
ed to make the
agent his debt-    It is, therefore, ordered, adjudged, and decreed, that the
or; or after the
sale the princi- judgement of the Parish Court be annulled, avoided, and
pal was in- reversed; and it is further ordered, and decreed, that this
duced to settle
with the agent case be remanded to said court, with directions to the judge
in conse-
quence of a re- thereof not to charge the jury in the manner set forth in the
ceipt or other bill of exceptions transcribed in this opinion; and it is further
documents fur-
nished by the ordered, that the appellee pay the costs of this appeal.
seller.

*Carleton* and *Lockett*, for appellants.

*Dixon* and *Grymes*, for appellees.